**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| DAON SMITH, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case No. 1:13-CV-201 (WLS) |
| | : | |
| PERFORMANCE FOOD GROUP, INC., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Before the Court are Defendant's Motion for Summary Judgment (Doc. 12), Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 16), and Plaintiff's Motion for Fees under 28 U.S.C. Section 1927 (Doc. 13). The Court now considers these Motions.

**PROCEDURAL POSTURE AND FACTUAL FINDINGS**

This case began on December 23, 2013 when Plaintiff filed a Complaint alleging violations of the Americans with Disabilities Act. (Doc. 1.) The Complaint bears the electronic signature of Marie A. Mattox and the names of Marie A. Mattox and James Garrity as counsel for Plaintiff. Ms. Mattox is not a member of the State Bar of Georgia. Ms. Mattox was not admitted to practice *pro hac vice* in this case until April 17, 2014. On April 10, 2014 Defendant filed a Motion for Summary Judgment, arguing that Defendant is entitled to judgment as a matter of law because the Complaint was a nullity because it was signed by Marie A. Mattox who is not a member of the Georgia State Bar and was not, at the time of filing, admitted to practice in this Court *pro hac vice*. (Doc. 12.)

1

On April 17, 2014, Marie Mattox was admitted as Plaintiff's counsel *pro hac vice* in this case. (*See* Docket.) On May 2, 2014, Plaintiff filed both a Response to Defendant's Motion for Summary Judgment together with a Motion for Fees under 28 U.S.C. Section 1927 (Doc. 13). Plaintiff also filed a Motion for Leave to File an Amended Complaint, seeking to add Attorney James Garrity's signature to the signature line of the complaint. (Doc. 16.) On May 19, 2014, Defendant filed a Response to Plaintiff's Motion for Leave to Amend, Reply in Support of Its Motion for Summary Judgment, and a Response to Plaintiff's Motion for Fees. (Doc. 19.) On June 13, 2014, this Court ordered Ms. Mattox to show cause why she should not be sanctioned, monetarily or otherwise, for unauthorized practice of law in this case and other cases. (Doc. 20.) On June 27, 2014, Ms. Mattox filed a Response to the Order to Show Cause (Doc. 21).

## DISCUSSION

### I. Plaintiff's Motion for Leave to Amend

#### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleadings with the court's leave "when justice so requires." Fed. R. Civ. P. 15. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). In other words, the Court must identify a substantial reason to justify denying the motion. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). Substantial reasons include undue delay, bad faith, or dilatory motive, among others. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B.  Analysis

Plaintiff has motioned for leave to amend the complaint in order to add Attorney James Garrity's signature to the complaint. (Doc. 16.) The Court finds that Plaintiff has not acted with undue delay or dilatory motive. The Court notes that there is not yet a discovery order in place in this case setting a deadline for amending pleadings. The Court also notes that Plaintiff filed a Motion for Leave to Amend contemporaneously with his timely response to Defendant's Motion for Summary Judgment. Marie Mattox sought and received permission to appear *pro hac vice* in this case one week after Defendant's Motion for Summary Judgment was filed. (*See* Docket.) The Court finds that Plaintiff has not acted with undue delay or a dilatory motive and seeks leave to amend the Complaint not in bad faith but as a further precautionary measure. Plaintiff's Motion for Leave to Amend (Doc. 16) is therefore **GRANTED**.

## II.  Defendant's Motion for Summary Judgment

### A.  Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990).  A fact is "material" if it is a legal element of the claim under the applicable substantive law and it might affect the outcome of the nonmoving party's case. *Allen v. Tyson Foods*, 121 F.3d 642,

646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See Cleveland v. Policy Management System Corp.*, 526 U.S. 795, 804 (1999); *Celotex Corp.*, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing the district court that the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must provide "enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986)).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *Celotex Corp.*, 477 U.S. at 322–23; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### B. Analysis

Defendant's Motion for Summary Judgment rests on its contention that Plaintiff's Complaint has no legal effect because it was signed by an attorney who was not authorized to practice in this Court. (Doc. 12-1.) There is no genuine issue of material fact as to whether Ms. Mattox signed Plaintiff's Complaint without authorization to practice in this Court. (Docs. 1 at 5; 12-1 at 4). Plaintiff's Statement of Disputed Material Facts disputes this fact "as stated" but does not actually contradict this fact with its clarification that "Plaintiff's Complaint contained a signature block which included the names of both Marie Mattox and James Garrity." (Doc. 14 at 1.)

Rule 11(a) requires that every "pleading, written motion, and other paper" be signed by at least one attorney of record or by the party if he is proceeding *pro se*. An unsigned paper must be stricken from the record "unless the omission is promptly corrected after being called to the attorney's or party's attention." Further, Local Rule 83.1.1 provides:

> To be eligible to practice in this court an attorney must have been admitted to practice in the trial courts of the State of Georgia and be an active member in good standing of the State Bar of Georgia. Only attorneys who are admitted to practice in this Court, or who have otherwise obtained permission under Rule 83.1.2c, may appear as counsel.

Local Rule 83.1.2(c) further provides the procedure for receiving permission to practice *pro hac vice* in the Middle District of Georgia.

Without a doubt, Ms. Mattox should have sought permission to appear *pro hac vice* upon filing the Complaint or local counsel, Attorney James Garrity, should have signed the Complaint. However, Plaintiff and her counsel have promptly sought to correct the Rule 11 deficiency. The Court finds that because Rule 11 does not man-

date striking the Complaint in this case, Defendant is not entitled to judgment as a matter of law. Rather, the Court finds that it is appropriate, in the interest of justice, to grant Plaintiff's Motion for Leave to Amend the Complaint to add the signature of James Garrity, an attorney licensed to practice law in the State of Georgia. The Court therefore **DENIES** Defendant's Motion for Summary Judgment. (Doc. 12.)

### III.     Plaintiff's Motion for Fees under 28 U.S.C. Section 1927

In his Response to Defendant's Motion for Summary Judgment, Plaintiff included a Motion for Fees under 28 U.S.C. Section 1927. (Doc. 13 at 17.) 28 U.S.C. Section 1927 allows a court to require an attorney or party who unreasonably and vexatiously delays or complicates the proceedings to satisfy personally the excess costs, expenses, and attorney's fees. In seeking fees under Section 1927, a party must show that the other party's conduct was "so egregious that it is tantamount to bad faith." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir.2010) (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir.2007)).

Here, Plaintiff made no attempt to demonstrate that the other party's conduct was tantamount to bad faith beyond merely moving for fees. (*See* Doc. 13.) The Court finds that Defendant did not unreasonably, vexatiously, or in bad faith delay the proceedings. Rather, Defendant raised a legitimate and important issue regarding Marie Mattox's authority to practice in this Court. Plaintiff's Motion for Fees (Doc. 13) is therefore **DENIED**.

### <u>CONCLUSION</u>

For the findings and reasons discussed above, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Amend the Complaint (Doc. 16). Plaintiff shall file an amended complaint with the Clerk of this Court within **fourteen (14) days** of entry of this Order. The

Court also **DENIES** Defendant's Motion for Summary Judgment (Doc. 12) and **DENIES**

Plaintiff's Motion for Fees (Doc. 13).

        **SO ORDERED**, this  <u>25th</u> day of September, 2014.


                                      <u>**/s/ W. Louis Sands**</u>
                                      **W. LOUIS SANDS, JUDGE**
                                      **UNITED STATES DISTRICT COURT**